confinement. Petitioner's expert testified that, in forming her opinion, she reviewed reports detailing respondent's numerous SIST violations, including the 18-year-old victim's statement, which contained allegations that were sexual in nature. Further, petitioner's expert testified that she considered respondent's STATIC-99 scores showing a "moderate-to-high" risk of recidivism, and she described the documented failure of respondent's relapse prevention plan, his initial refusal to engage in sex offender treatment while incarcerated, and his eventual failed evaluations in and subsequent removal from sex offender treatment. Upon our review of the record, particularly the uncontradicted testimony of petitioner's expert, we conclude that petitioner established by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement (*see Matter of State of New York v DeCapua*, 121 AD3d 1599, 1600 [2014], *lv denied* 24 NY3d 913 [2015]; *see generally Matter of State of New York v Robert F.*, 25 NY3d 448, 454-455 [2015]).

We reject respondent's contention that the admission of certain hearsay statements into evidence denied him due process. Although the court erred in admitting certain hearsay evidence, i.e., victim statements about alleged inappropriate sexual behavior, the court "is presumed to be able to distinguish between admissible evidence and inadmissible evidence . . . and to render a determination based on the former" (*Matter of State of New York v Parrott*, 125 AD3d 1438, 1439 [2015] [internal quotation marks omitted], *lv denied* 25 NY3d 911 [2015]; *see Matter of State of New York v Mark S.*, 87 AD3d 73, 80 [2011], *lv denied* 17 NY3d 714 [2011]). Moreover, we conclude that there is " 'no reasonable possibility' " that, had the statements been excluded, the court would have reached a different determination (*Matter of State of New York v Charada T.*, 23 NY3d 355, 362 [2014]; *see Parrott*, 125 AD3d at 1439).

Finally, respondent contends that the court erred in allowing petitioner to prosecute SIST violations that occurred approximately three years earlier. That contention is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.

RONALD DOUGLAS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 116196.) (Appeal No. 1.) [31 NYS3d 912]— Appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered November 6, 2014. The interlocutory judgment apportioned liability and ordered a trial on the issue of damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs for reasons stated in the decision at the Court of Claims. Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.

■ C. Tanisha Burt, Respondent, v State of New York, Appellant. (Claim No. 116197.) (Appeal No. 2.) [31 NYS3d 912]—Appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered November 6, 2014. The interlocutory judgment apportioned liability and ordered a trial on the issue of damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs for reasons stated in the decision at the Court of Claims. Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.

■ GDH Construction Inc., Appellant, v Mark A. Gugino et al., Respondents, et al., Defendants. [31 NYS3d 912]—Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered January 9, 2015. The order granted the motion of defendants Mark A. Gugino and Linda M. Gugino for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this mortgage foreclosure action, plaintiff appeals from an order that granted the motion of Mark A. Gugino and Linda M. Gugino (defendants) for summary judgment dismissing the complaint. Plaintiff contends that defendants' motion should have been denied as premature pursuant to CPLR 3212 (f) because further discovery was necessary. We reject that contention. Because the note and mortgage were a nullity "the discovery sought would [not] produce evidence sufficient to defeat the motion" (*Resetarits Constr. Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1456 [2014]). Plaintiff's contention that defendants' motion should be denied on equitable grounds is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.

■ Dawn M. Bush, Appellant, v Ricki Kovacevic, Respondent. [33 NYS3d 623]—

Appeal from an order of the Supreme Court, Erie County (E.